VICTORIA M. DeVITO, PLAINTIFF, v.
SAMUEL J. DeVITO, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided October 14, 1975.

*Mr. George H. Stanger, Jr.* for plaintiff (*Messrs. Serata & Stanger,* attorneys).

*Mr. Josiah W. Crane,* for defendant.

TESTA, J. C. C., Temporarily Assigned. Defendant has made application for an order to compel plaintiff to submit to a physical and/or mental examination pursuant to *R.* 4:19 which provides:

> In an action to which a claim is asserted by a party for personal injuries or in which the mental or physical condition of a party is in controversy, the court in which the action is pending may from time to time order him to submit to a physical or mental examination by a medical or other expert. Such examination may include the taking of X-rays and other tests of physical or mental condition. The order may be made only on motion for good cause shown, supported by affidavit stating the party's refusal to submit to an examination upon the movant's request, and upon notice to the party to be examined and to all other parties. The order shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The court, upon application showing good cause, may permit subsequent reexaminations, provided the same will not delay the trial.

Plaintiff opposes defendant's motion to compel the requested examination on the basis that defendant has failed to show "good cause" for said examination, as required by the aforementioned rule, and that such an examination would fail to reveal any information relevant to the issues at bar.

Plaintiff has filed a complaint for divorce upon the grounds of (1) desertion and (2) extreme cruelty. The desertion ground is based partially upon defendant's alleged occupation of separate apartment premises in the basement of the marital home and additionally upon plaintiff's allegation that defendant has persistently refused to engage in normal sexual relations with plaintiff for more than 12 months. Defendant by way of answer contends that he has engaged in sexual relations with plaintiff to the extent that his age and physical condition permit, and further denies any wrongdoing on his part that would constitute desertion or extreme cruelty.

Plaintiff's allegations regarding the claim of sexual desertion present a fact issue as to whether such desertion occurred. This court finds that since the period of the alleged sexual desertion was between January 1974 and January 1975, close to one year from the time of the requested medical examination, the examination would fail to reveal any relevant information, since even a medical expert could not detect whether there was any sexual activity during the period in question.

As to the ground of extreme cruelty alleged by plaintiff, there is no claim as to any physical cruelty on the part of defendant. Defendant contends, however, that since plaintiff states in paragraph four of the second count of her complaint that due to defendant's behavior, "Plaintiff's health and safety have become endangered, and it is both improper and unreasonable to expect plaintiff to continue to cohabit with the defendant," that the plaintiff has thereby placed her health into issue. Defendant concludes, therefore, that a medical examination is proper to determine the effect of the defendant's alleged behavior on plaintiff's health. In support of his motion for an order compelling the medical examination defendant cites *Rubenstein v. Rubenstein,* 21 *N. J. Super.* 486 (Ch. Div. 1952).

It is true that in *Rubenstein* the court held that the predecessor rule to *R.* 4:19 (*R.* 3:35) did apply in matrimonial actions and did grant defendant's motion for an order requiring

plaintiff to submit to a physical examination. In that case plaintiff's complaint for divorce was based upon the ground of extreme cruelty and charged that defendant's behavior broke down her health and that, as a result thereof, she became nervous and suffered ill health. Defendant denied those allegations of plaintiff. The court found that the pleadings presented a situation warranting the requested examination "to determine to what extent, if any, the defendant's alleged conduct and acts of extreme cruelty has produced the deleterious effect upon the plaintiff's health, as charged in her complaint." *Rubenstein, supra* at 487.

The court finds that *Rubenstein* is inapposite since it was decided prior to the 1971 revisions to *N. J. S. A.* 2A:34–2(c) which no longer requires a showing of danger to the health or safety of plaintiff to constitute a cause of action for divorce on the ground of extreme cruelty. *Scalingi v. Scalingi,* 65 *N. J.* 180 (1974). The statute now defines extreme cruelty as "any physical or mental cruelty which endangers the safety or health of the plaintiff or makes it *improper or unreasonable to expect the plaintiff to continue to cohabit with the defendant." N. J. S. A.* 2A:34–2(c) (emphasis supplied).

█ █ Thus, the court finds that the revised statutory language has broadened the concept of extreme cruelty and indicates that the test as to whether there is sufficient evidence to support the "cruelty" allegation is a subjective one. *Scalingi, supra.; Kerr v. Kerr,* 129 *N. J. Super.* 291 (App. Div. 1974) ; Note, "The 1971 New Jersey Divorce Law," 25 *Rutgers L. Rev.* 476, 487–490 (1971). Therefore, the court further finds that in light of the statutory revision, a medical examination, even if it showed no serious mental or physical condition, would not negate the extreme cruelty ground. Since proofs less than medical testimony are sufficient to constitute a cause of action based on extreme cruelty, the requested examination is irrelevant and without "good cause" as required by *R.* 4:19.

Based upon the foregoing findings of fact and the applicable New Jersey laws, the court denies defendant's motion for an order to compel plaintiff to submit to a medical examination.